**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **STATE OF LOUISIANA** | **CASE NO. 2:26-CR-00330-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOHN OLIVER FRANCOIS (01)** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is a "Petition to Move Jurisdiction under 28 U.S.C. 1443(1)" (Doc. 2) filed by *pro se* Defendant, John Oliver Francois. Francois suggests that his criminal proceedings should be removed to this Court because the state of Louisiana does not have jurisdiction over the charge against him for First Degree Robbery (LSA-R.S. § 64.1 First Degree Robbery) of First Horizon Bank, a federally insured bank.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*¸ 511 U.S. 375, 377 (1994). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Likewise, a party's ability to remove his case from state court to federal court is limited. 28 U.S.C. § 1441 allows a part to remove a *civil* action if the federal court has original jurisdiction over the action. Other statutes permit removal of state criminal actions, but only in more limited circumstances. These limited circumstances are provided in 28 U.S.C. § § 1442, 1442(a), and 1443 and include criminal cases brought against "(1)

officers, agencies, or agents of the United states (§ 1442), (2) members of the armed forces (§ 1442(a), or (3) defendants when a state court refuses (or is unable) to enforce their federal (race-based) civil rights (§ 1443). *State v. Renteria*, 2023 WL 7894004, at *4 (W.D. Tex. Oct. 31, 2023).

Whenever a state criminal action is removed, the Court must "examine the notice promptly[, and] [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *State of Tex. v. Guld Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 339 (5th Cir. 2000).

Here, Defendants asserts that removal is proper because the bank he is charged with robbing was insured by the FDIC. Petitioner also alleges that the state's prosecution including Judge David Richie, FBI agents, and Lake Charles Police Department detectives are racially discriminating against him by presenting false evidence that was deliberately fabricated by the government.[1]

It is not enough to support removal under § 1443(1) to allege that a defendant's federal equal civil rights have been denied by state officials in advance of trial, or that the charges against him are false, or that the defendant is unable to obtain a fair trial in state court. Such does not show that the defendant will be denied or cannot enforce in the state court a right under a federal law providing for equal civil rights. See *City of Greenwood,*

[1] Motion to transfer, p.2. (doc. 2.)

*Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966). Instead, § 1443(1) applies only "where it can be clearly predicated" that because of a pervasive or explicit state law, "those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Id. at 828.

Here, Defendant's removal of this criminal action was improper. Defendant has failed to demonstrate that his prosecution is removable under any statute and therefore this Court lacks jurisdiction. Accordingly,

**IT IS ORDERED** that Defendant's Petition to Move Jurisdiction under 28 U.S.C. 1443(1) (Doc. 2) is **DENIED** and the instant criminal action is to be immediately **REMANDED** to state court.

**THUS DONE AND SIGNED** in chambers on this 11th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**